IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2256-BO

| | |
|---|---|
| SAMUEL EUGENE ELLIS, JR., ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| SANDRA THOMAS, ) | |
| Respondent. ) | |

FILED
JAN 19 2012
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT-EDNC
BY _____ DEP CLK

Samuel Eugene Ellis, Jr., ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sandra Thomas ("respondent") moved to dismiss based on untimeliness and the filing of the petition outside the statute of limitations period (D.E. # 9). 28 U.S.C. § 2244(d)(1). Petitioner responded (D.E. # 13) to the pending motion, and the matter is ripe for determination.

I.  Background

Petitioner is a prisoner of the State of North Carolina. On August 17, 2006, in the Superior Court of Johnston County, petitioner pled guilty to one count of first-degree sexual exploitation of a minor and one count of statutory rape. (Pet., #5., and Respt.'s Mem. in Supp. of Mot. for Summ. J., Ex. 1). He was sentenced to a term of 300-369 months imprisonment. (Id.). Petitioner was represented during the criminal proceedings by Sharon H. Kristoff. (Id.). Petitioner appealed and on February 19, 2008, the North Carolina Court of Appeals issued a published opinion affirming the trial court's denial of the suppression motion. State v. Ellis, 188 N.C. App. 820, 657 S.E.2d 51, disc. review denied, 362 N.C. 365, 664 S.E.2d 313 (2008). On June 11, 2008, the Supreme Court of North Carolina denied discretionary review (PDR). (Id.). On appeal petitioner was represented by Mark Montgomery. (Id.).

On May 22, 2009, petitioner filed a pro se motion for appropriate relief (MAR) in the Superior Court of Johnston County. (Mem. in Supp. of Mot. for Summ. J., Ex. 9). On September 16, 2009, the MAR was summarily denied. (Id., Ex. 10). On November 20, 2009, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Id., Ex.11) Certiorari was denied on December 4, 2009. (Id., Ex.13) Petitioner filed a pro se motion for "Certificate of Appealability" in the Supreme Court of North Carolina on March 8, 2010. (Exhibit 14) This motion was dismissed on August 27, 2010. (Exhibit 15) Petitioner dated his pro se federal habeas application form November 24, 2010, and filed it in this court on November 29, 2010.

II. Issues

Petitioner raises five issues in this petition:(1) his conviction was obtained by evidence gained pursuant to an unlawful arrest; (2) his conviction was obtained by use of evidence gained in an unconstitutional search and seizure; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; and (5) conviction obtained in violation of the right to freedom of speech.

III. Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Petitioner's case became final for purposes of direct appellate review on Tuesday, September 9, 2008, i.e., 90 days after the Supreme Court of North Carolina denied his PDR on

3

June 11, 2008. See, Supreme Court Rule 13.1 (90 days to file certiorari petition from final order of the state's highest court); Gonzalez v. Thaler, ___ S.Ct. ___, 2012 WL 43513 (2012); and Clay v. United States, 537 U.S. 522 (2003) Thereafter, petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) ran from Tuesday, September 9, 2008, for 255 days until his pro se MAR was dated and filed in the Superior Court of Johnston County on May 22, 2009. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitation).

Petitioner's one-year period remained tolled while the MAR was pending from May 22, 2009, until the denial thereof on September 16, 2009, through petitioner's filing of his certiorari petition on November 20, 2009, and until that denial on December 4, 2009. See Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000) (gap between denial of MAR and filing of certiorari petition tolled absent Petitioner's unreasonable delay in filing certiorari petition).

Then on December 4, 2009, the one-year period of limitation resumed and fully expired 110 days later on or about Wednesday, March 24, 2010. Because nothing was in place on that date to toll the expiration of the limitations period, the petition is out of time. This pro se federal habeas application form was dated November 24, 2010, and is approximately eight months out of time.[1]

---

[1] Petitioner filed a Certificate of Appealability in state court; however, this is not a North Coarlina post-conviction procedure. See N.C.G.S. § 15A-1422 (methods of seeking appellate review of denial of MAR) (2009); N.C. R. App. P., Rule 21(e) (review of denial of MAR in non-capital case by way of certiorari to North Carolina Court of Appeals) (2011). Thus the motion for a "Certificate of Appealability," filed in the Supreme Court of North Carolina, was an improperly filed motion and does not toll the one-year period of limitation under section 2244(d)(2). See Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000) ("properly filed" state post-conviction application must be filed in accordance with state

IV.  Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

---

rules concerning form of document, applicable time periods and proper court and office for filing).

V.  Conclusion

Accordingly, Respondent's motion (D.E. # 9) for dismissal of the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. All other pending motions are DENIED as MOOT. (D.E. # 12). The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 18 day of January 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE